FILED

10 MAR 23 AM 9: 32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___TB

DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY DWAYNE DORSEY, <br><br> Plaintiff, <br><br> vs. <br><br> (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and <br><br> (2) THE SURFER RESTAURANT AND HOTEL, <br><br> Defendants. | CASE NO. 09CV519 BEN (AJB) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. No. 2]; and** <br><br> **(2) DISMISSING ACTION AS TO DEFENDANT "THE SURFER RESTAURANT AND HOTEL" [Doc. No. 1]** |

Plaintiff, Carey Dwayne Dorsey, proceeding *pro se*, commenced this action against Defendants, Equal Employment Opportunity Commission ("EEOC") and The Surfer Restaurant and Hotel ("SRH"). The Complaint alleges Defendant EEOC has unlawfully withheld information sought by Plaintiff in violation of the Freedom of Information Act ("FOIA"). (Dkt. No. 1).

Instead of paying the $350.00 filing fee mandated by 28 U.S.C. § 1914(a), Plaintiff moves to proceed *in forma pauperis* ("IFP"). (Dkt. No. 5). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed IFP. The Court also *sua sponte* **DISMISSES** the action as to Defendant SRH.

///
///
///

- 1 -

09cv519-BEN (AJB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## BACKGROUND

Plaintiff's Complaint contains one paragraph of factual background, together with a Civil Cover Sheet and ten pages of exhibits in support of the Complaint. Review of the submitted documents indicates that the Plaintiff is seeking an order from this Court directing the EEOC to provide the U.S. District Court with the docket number and associated case information for "Dorsey v. The Surfer Restaurant and Hotel."

## DISCUSSION

### I.    Motion to Proceed IFP

This Court has broad discretion to grant or deny Plaintiff's motion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Pursuant to 28 U.S.C. § 1915 and this Court's Local Rule 3.2, he must submit an affidavit that includes a statement of his assets and shows his inability to pay the filing fee. 28 U.S.C. § 1915(a); CivLR 3.2. To prevail on this motion, Plaintiff need not demonstrate to the Court that he is completely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, he must demonstrate his indigency with "some particularity, definiteness, and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam).

The Declaration submitted in support of his Motion to Proceed IFP states Plaintiff is currently employed as a janitor for El Dorado Janitorial Services. However, his monthly salary has steadily decreased each month. (Pl.'s Decl. in Supp. of Mot. to Proceed In Forma Pauperis at 3). Plaintiff attached a payroll verification statement to validate his assertion of a continued decrease in his monthly salary. (*Id.* at 5-5). For the pay period of October 16, 2009 to November 15, 2009, the Plaintiff received $580. (*Id.* at 2). Plaintiff currently lacks a checking account and his only asset is a 1999 Ford Taurus Wagon which was purchased for $325. (*Id.* at 6). Plaintiff is the father and caretaker of four minor children. (*Id.* at 8). Additionally, he lists numerous monthly debts which substantially exceed his monthly income.

The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). The Clerk of Court shall file the Complaint without prepayment of the filing fee.

**II.    *Sua Sponte* Screening per 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

"[W]hen determining whether a complaint states a claim, a Court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while "[c]onstruing these pro se pleadings liberally, as we must," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Complaint in its current form fails to state any claim against SRH since FOIA only applies to federal agencies.  The FOIA mandates that each agency make available to the public certain information.  *See* 5 U.S.C. § 552.  Under the statute, the term "agency" includes any executive department, military department Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government, or any independent regulatory agency.  5 U.S.C. § (f)(1). The FOIA only applies to federal agencies and not private corporations or individuals. *See Armstrong v. Exec. Office of the President*, 90 F.3d 553 (D.C. Cir. 1996).  Here, SRH is a private entity and thus not subject to the requirements of FOIA.  Because Plaintiff's Complaint is defective in naming SRH as a Defendant the Court *sua sponte* **DISMISSES** Plaintiff's Complaint against SRH.

Regarding the EEOC, the relevant inquiry is whether Plaintiff has properly stated a FOIA claim on the grounds that a document containing the information sought by the Plaintiff was improperly withheld.  Plaintiff alleges the EEOC failed to comply with his requests to see his records or provide this information to the U.S. District Court. (*See* Dkt No. 1 at ¶ 1).  Accordingly, having reviewed the Complaint in the light most favorable to the Plaintiff, the Court determines the EEOC (a federal

1   agency) is an appropriate Defendant and under the liberal pleading standards afforded *pro se* litigants,

2   the Complaint survives *sua sponte* screening as to the EEOC.  The Complaint is *sua sponte*

3   **DISMISSED** as to SRH for failing to state a claim upon which relief can be granted pursuant to 28

4   U.S.C. § 1915(e)(2).

5       The District Court should grant leave to amend, however, unless it determines that "the pleading

6   could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the

7   plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  If Plaintiff

8   wants to proceed against SRH, he must file a First Amended Complaint curing the deficiencies set

9   forth above within 45 days from the date this order is filed.

10   **CONCLUSION**

11       For the reasons set forth above, the Court hereby orders as follows:

12       (1) The request to proceed IFP is **GRANTED**.

13       (2) The Clerk shall issue a summons as to Plaintiff's Complaint (Dkt. No. 1) upon the sole

14   remaining Defendant, EEOC, and shall forward it to Plaintiff along with a blank U.S. Marshal Form

15   285 for this Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order

16   and a certified copy of his Complaint and the summons for purposes of serving Defendant EEOC.

17   Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and

18   accurately as possible, and to return it to the United States Marshall according to the instructions

19   provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall

20   serve a copy of the Complaint and summons upon Defendant EEOC as directed by Plaintiff on the

21   USM For m 285.  All costs of service shall be advanced by the United States.  *(See* 28 U.S.C. §

22   1915(d); FED. R. CIV. P. 4(c)(3)).

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    (3) The Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon

2    Defendant's counsel, a copy of every further pleading or document submitted for consideration by the

3    Court. Plaintiff shall include with the original paper to be filed with the clerk of the court a certificate

4    stating the manner in which a true and correct copy of any document was served on Defendant or

5    counsel for Defendant and the date of service. Any paper received by a district judge or a magistrate

6    judge which has not been filed with the Clerk of Court or which fails to include a certificate of service

7    will be disregarded by the Court.

8    **IT IS SO ORDERED.**

9

10   Dated: March 22, 2010

11

12                                                          Hon. Roger T. Benitez
                                                           United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28