FILED

10 SEP 29 PM 2:12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY DWAYNE DORSEY,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>　　　　　　　　　Defendants. | CASE NO. 09CV519 BEN (AJB)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 12] |

　　　Currently before this Court is Defendant Equal Employment Opportunity Commission's ("EEOC") Motion for Summary Judgment. Plaintiff, Carey Dwayne Dorsey ("Dorsey") failed to file an opposition or statement of non-opposition to the motion as required by Local Rule. For the reasons set forth below, the EEOC's motion is **GRANTED**.

## BACKGROUND

　　　Plaintiff is seeking an order from this Court directing the EEOC to provide the U.S. District Court with the docket number and associated case information for "Dorsey v. The Surfer Restaurant and Hotel" under the Freedom of Information Act ("FOIA"). Defendant EEOC asserts it is entitled to summary judgment on Plaintiff's FOIA claim because the record reflects there are no genuine issues

1  as to any material fact and the EEOC's entitled to judgment as a matter of law.

2  Defendant's summary judgment motion was filed on May 5, 2010. The motion was set for hearing on June 14, 2010. (Dkt. No. 12). Under Civil Local Rule 7.1(e)(2), Plaintiff's opposition or statement of non-opposition was due by June 1, 2010. Plaintiff has filed no opposition or statement of non-opposition.[1] The motion was taken under submission without oral argument on June 8, 2010. (Dkt. No. 14).

## DISCUSSION

### I. Standard of Review

#### A. Summary Judgment

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Federal Rule of Civil Procedure 56(e)(2) requires a party opposing summary judgment to "set forth specific facts showing that there is a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion should be granted." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1545 (9th Cir.1988). When a summary judgment motion is unopposed, a court must "determine whether summary judgment is appropriate-that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Assoc's. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3rd Cir.1990).

The court may not, however, simply grant summary judgment because the non-movant has failed to respond. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003) (discussing S.D. CAL. CIV

---

[1] The Court notes Plaintiff participated in a telephonic Early Neutral Evaluation Conference on July 20, 2010 before Magistrate Judge Battaglia. This hearing, originally scheduled for June 4, 2010 was reset to July 20, 2010 due to the pending summary judgment motion before this Court. The record also reflects Plaintiff filed a notice of Change of Address with this Court on August 11, 2010. (Dkt. No. 17). This demonstrates that Plaintiff is at least somewhat familiar with the Court's local rules and requirements, but never attempted to oppose the motion.

LR 7.1(f)(3)(c)).² Rather, the court must consider whether the movant's papers are sufficient on their face to sustain summary judgment. *Id.* at 1183 (citing *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition. Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues." *Gill*, 983 F.2d at 950.

B. <u>Summary Judgment in FOIA Cases</u>

FOIA requires, that unless an exemption applies, "each agency, upon any request for records which (i) reasonably describes such records, and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). A FOIA request must be for a "record." *O'Reilly, Fed. Info. Disclosure*, § 4:18 (2000 ed. & 2007 suppl.).³ Additionally, the production of missing records is not within the purview of FOIA. *O'Reilly, Fed. Info. Disclosure*, § 9:8 (2007 Suppl.). The Act compels disclosure only of existing records. *Id.*

As a general rule, all FOIA determinations should be resolved on summary judgment. *See Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114 (9th Cir. 1988); *O'Reilly, Fed. Info. Disclosure*, § 8:21 (2007 Suppl.) (numerous citations); *Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1188 (N.D. Cal. 2006). Before an agency can obtain summary judgment in a FOIA case, it must show beyond a material doubt, and viewing the facts in the light most favorable to the requester, "that it has conducted a search reasonably calculated to uncover all relevant documents." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet this burden, an agency may prove the reasonableness of its search through

---

² A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." *U.S. v. One Piece of Real Prop.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *but see Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that it would be "unfair" to the district court to require it "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found").

³ FOIA itself does not define the term "record." However, courts have looked to another statute, 44 U.S.C. § 3301, for the definition and have defined "record" as "materials that have come into the agency's possession in the legitimate conduct of its official duties." *O'Reilly, Fed. Info. Disclosure*, § 4:14 (2007 Suppl.).

affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith. *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927, 100 S. Ct. 1312, 63 L. Ed. 2d 759 (1980).[4]

The affidavits or declarations submitted by the agency need not "set forth with meticulous documentation the details of an epic search for the requested records." *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). They must "describe what records were searched, by whom, and through what processes." *Steinberg*, 23 F.3d at 552. Finally, they must demonstrate "that the search was reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350-51 (D.C. Cir. 1983); *see Campbell*, 164 F.3d at 27. Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment. *Nation Mag. v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

## II. Motion for Summary Judgment

Defendants move for summary judgment, asserting that a reasonable search of the Agency's electronic records confirms the EEOC has no records reflecting a lawsuit was filed in the U.S. District Court by the Defendant on the Plaintiff's behalf. Therefore, Defendant is entitled summary judgment. As previously discussed, Plaintiff has filed no opposition or notice of non-opposition.

Defendants furnish the declaration of Stephanie Garner, EEOC Asst. Legal Counsel/FOIA Programs in support of their motion. (Garner Decl. ¶¶ 1-2). Ms. Garner, a responsible officer, avers that her Declaration is signed under penalty of perjury, and its contents accurately describe the EEOC's response to Plaintiff's FOIA request for production. *Id.* Ms. Garner, has held this position since February 2002. (*Id.* at ¶ 1). Part of Ms. Garner's official duties include issuing decisions on all appeals of responses to FOIA requests made by district directors. (*Id.* at ¶ 4). To do so, Ms. Garner directs searches of various EEOC record systems to locate any documents which are potentially

---

[4] The court may award summary judgment solely on the basis of information provided by the agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs.*, 926 F.2d at 1200.

responsive to FOIA requests. *Id.* Pursuant to Plaintiff's February 18, 2009 appeal, an investigation was instituted and response issued. (*Id.* at ¶¶ 5-6). Ms. Garner asserts Plaintiffs appeal was processed in accordance EEOC's FOIA regulations. (*Id.* at ¶ 3).[5]

In her Declaration, Ms. Garner describes directing the staff from the EEOC Office of General Counsel to search the Agency's electronic records to locate the lawsuit sought by Plaintiff. (*Id.* at ¶ 7). The following search identifiers were utilized, i.e., "EDD & EEOC, Carey Dorsey vs. The Surfer Restaurant & Hotel." *Id.* Ms. Garner reports that the Office of the General Counsel was unable to locate any record reflecting a lawsuit had been filed on behalf of the Plaintiff. *Id.*

At Ms. Garners direction, a second search was conducted focusing on Charge No. 345870217. (*Id.* at ¶ 8). Defendants Exhibit 3 provides the results of that search. (Garner Decl. ¶ 8, Ex. 3). Exhibit 3, titled "charge data on file" reflects an employment discrimination charge file was opened against the Surfer Restaurant on March 3, 1987; a negotiated settlement was reached on August 11, 1988; the field reserved for the entry of a court docket number was marked "NULL," indicating the charge never went to court; and finally, pursuant to EEOC records retention guidelines, the charge file was destroyed on September 19, 1991. *Id.*[6]

Having reviewed the Defendants motion, attached declaration, exhibits, and Plaintiffs Complaint, the Court concludes the Defendants have satisfied their burden in demonstrating that it engaged in an adequate search reasonably calculated to uncover all documents relevant to the Plaintiffs FOIA request. As previously discussed, a Court may award summary judgment based on a declaration when it describes "what records were searched, by whom, and through what processes." *Steinberg*, 23 F.3d at 552. Additionally, Defendant must demonstrate "that the search was reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350-51 (D.C.

---

[5] "The request for information at issue in this litigation was processed in accordance with EEOC's FOIA regulations, which appear at 29 C.F.R. Part 1610, *et seg* [sic]. Those regulations provide that FOIA requests for information contained in the EEOC's administrative charge files be decided by the district director of the office that maintains the charge file. 29 C.F.R. §§ 1610.7(a)(4), 1610.8. Appeals of any denial of information by a district director must be submitted to the EEOC Legal Counsel or his designee. 29 C.F.R. § 1610.11(a)." (Garner Decl. ¶ 3).

[6] "EEOC Record Retention and Destruction Order 201.001 specified that files related to charges which had been settled were to be destroyed two years after the year in which the settlement was reached." (Garner Decl., ¶ 9).

Cir. 1983); *see also Campbell*, 164 F.3d at 27.

As set forth in Defendants attached Declaration, Ms. Garner directed the EEOC Office of General Counsel to conduct a search of Agency "electronic" records [current and archived] for information regarding Plaintiffs FOIA request. Both searches utilized schemas specifically designed to locate the information sought by the Plaintiff. The results of these searches confirmed the EEOC has no records to produce for Plaintiff. Therefore, Ms. Garner's actions constitute a reasonable search for responsive documents.

The Court is also mindful of the fact that the Plaintiff failed to present any evidence the agency's search was inadequate or made in bad faith. Further, the Plaintiff's conclusory statement in the opening paragraph of his Complaint alleging "the EEOC lost or destroyed United States District Courts case docket, or court docket number associated with charge # 345870217"[7] does not raise an issue of fact precluding summary judgment in the absence of affidavits or other evidence containing facts sufficient to raise a material issue of fact. *Steinberg*, 23 F.3d at 552. "To defeat a summary judgment motion ..., the non-moving party 'may not rest upon the mere allegations or denials' in the pleadings. FED. R. CIV. P. 56(e). Instead, the non-moving party "must establish the existence of a genuine factual dispute on the basis of admissible evidence; bare allegations without evidentiary support are insufficient to survive summary judgment." *Estate of Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n. 14 (9th Cir. 2008). Essentially, "mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *Steinberg*, 23 F.3d at 552. Therefore, Defendant is entitled to summary judgment because the record establishes that there is no genuine issue as to any material fact and the EEOC is entitled to judgment as a matter of law.

## JUDICIAL NOTICE

Defendant requests the Court take judicial notice of the fact that the Court's docket does not reflect any lawsuit being filed on Plaintiff's behalf by the EEOC. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial

---

[7] "EEOC lost or destroyed United States District Courts, Case Docket, or Court Docket number associated with charge # 345870217 race related employment discrimination case." (Dkt. No. 1 at ¶ 1).

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1984). Judicially noticed facts often consist of matters of public record, such as prior court proceedings, *see, e.g., Emrich v. Touche Ross & Co.* 846 F.2d 1190, 1198 (9th Cir. 1988). The Court **GRANTS** Defendant's request for judicial notice with respect to a finding that the Court's record of active and closed cases does not reflect a case was ever filed in this District regarding Plaintiff's EEOC claim, Charge No. 345870217. (Dkt. No. 12 at 4).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 29, 2010

Hon. Roger T. Benitez
United States District Judge